UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE LYNCH GROUP,
a Michigan corporation,

     Plaintiff,

v.                           Case No. 06-13501

POHLMAN, INC.,              HONORABLE AVERN COHN
a Missouri corporation,

     Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE
## AND
## TRANSFERRING CASE TO THE EASTERN DISTRICT OF MISSOURI[1]

I.

This is a contract dispute involving sales commissions.  Plaintiff, The Lynch Group, is suing defendant, Pohlman, Inc., claiming (1) breach of contract, and (2) violation of Michigan's Sales Representative Commission Act.  Essentially, the parties entered into a Manufactures Representative Agreement which plaintiff says was breached by defendant's failure to pay commissions following defendant's notice of "discontinuation."

Before the Court is defendant's motion to dismiss for improper venue, or in the alternative to transfer the case to the District Court for the Eastern District of Missouri.

---

[1]The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

For the reasons that follow, the motion will be granted.

II.

The relevant facts as gleaned from the papers follow.

Plaintiff is a Michigan corporation.  Defendant is a Missouri corporation which manufactures machined metal parts and products.  The parties entered into a Manufactures Representative Agreement dated January 1, 1996 (Agreement).  The Agreement was modified in writing sometime in July of 1998.  The Agreement engages plaintiff as an exclusive independent manufacturer's representative.  It also provides that defendant will pay plaintiff commissions on sales made by plaintiff on behalf of defendant.

On April 30, 2006, defendant sent plaintiff a letter advising "the agreement with The Lynch Group is being discontinued" and reaffirmed defendant's then current obligation to plaintiff and certain remaining obligations.  Plaintiff sued, claiming breach of contract and violation of the Michigan Sales Representatives Act.  Plaintiff says that defendant failed to provide proper notice of termination and has failed to pay pre-termination and post-termination commissions.

Defendant responded by filing the instant to dismiss for improper venue or to transfer the case to the Eastern District of Missouri.  The motion is premised on the following clause in the Agreement:

> 23.  Arbitration.  In the event that any party asserts a claim pursuant to this Agreement (including without limitation, any claims regarding the compensation of Representative, or the engagement and/or termination of the engagement of Representative with Company), such claim shall be finally determined by arbitration pursuant to the Rules of the American Arbitration Association.  Any such arbitration shall be held in St. Louis County, Missouri.  This provision shall not preclude a party from obtaining an injunction, restraining order or other

2

orders of specific performance issued by a court of competent jurisdiction pursuant to provisions of this Agreement; provided, however, any such action shall be maintained exclusively in the state and federal courts located in St. Louis County, Missouri, and the parties hereby expressly consent to the exclusive jurisdiction and venue of such courts.

The Agreement also provides that "[t]he validity and effect of this Agreement shall then be construed and determined according to the laws of the State of Missouri, without regard to conflict of laws principles." Agreement at ¶ 22.

### III.

### A.

Defendant first argues that venue is improper in the Eastern District of Michigan and, therefore, the case should be dismissed. Under 28 U.S.C. § 1391(a):

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in

(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

As noted above, defendant is a Missouri corporation. Therefore, venue in this district cannot be premised upon § 1391(a)(1). However, it cannot be said that the action was improperly brought in this district inasmuch as it appears a substantial part of the events giving rise to plaintiff's claims can be said to have occurred here. It is assumed that plaintiff obtained sales on behalf of defendant in this district, which generated the right to commissions. Therefore, venue is proper under § 1391(a)(2).

B.

1.

Defendant has alternatively moved for transfer of venue under 28 U.S.C. § 1404(a), which permits a district court to transfer "any civil action to any other district or division where it might have been brought."  A district court, however, "has broad discretion to grant or deny a motion to transfer [a] case."  Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994) (quoting Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986)). The court gives deference to the plaintiff's choice of forum, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  Stewart v. Dow Chemical Co., 865 F.2d 103, 106 (6th Cir. 1989) (quoting Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

To transfer an action under 28 U.S.C. 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves in the interest of justice; and (3) transfer is in the convenience of the witnesses and parties.  International Show Car Ass'n v. ASCAP, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992).  The following factors must also be considered:  (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.  Id. at 1310 (citations omitted); Helder v. Hitachi Power Tools, 764 F. Supp. 93, 96 (E.D. Mich. 1991).

Where a forum selection clause is involved, the Supreme Court has stated:

A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.  The presence of a

4

> forum-selection clause ⋯ will be a significant factor that figures centrally in the district court's calculus ⋯ The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of "the interest of justice." It is conceivable in a particular concerns, come under the heading of "the interest of justice." It is conceivable in a particular case, for example, that because of these factors a district court acting under § 1404(a) would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause ⋯ The forum-selection clause ⋯ should receive neither dispositive consideration ⋯ nor no consideration ⋯ but rather the consideration for which Congress provided in § 1404(a) ⋯

Stewart Organization, Inc. v. Ricoh Corporation, 487 U.S. 22, 30 (1988).  Courts have held that the presence of a forum selection clause negates the presumption given to the plaintiff's choice of forum and requires the plaintiff to prove why enforcement and transfer is unreasonable under the circumstances.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3rd Cir. 1995); In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); Viron Int'l Corp. v. Boland, Inc., 237 F. Supp. 2d 812, 816 (W.D. Mich.2002).  Thus, in this case, plaintiff bears the burden of pointing to specific reasons why enforcement of the forum selection clause is inappropriate.

2.

Plaintiff argues that the forum selection clause does not apply because it appears in the context of a provision discussing arbitration and the parties have waived arbitration by plaintiff filing suit and defendant not moving to enforce arbitration.  Plaintiff also argues that the clause does not apply because it has asserted a claim for damages and a claim under Michigan law.

Plaintiff's arguments go to the meaning of the forum selection clause.  As the Court of Appeals for the Sixth Circuit has explained:  "[A] forum selection clause ... is part of a contract, and principles of contract interpretation apply.  In interpreting disputed contract provisions, we generally start by attempting to discern the intent of the parties. We also generally resolve ambiguities against the drafter."  In re Delta America Re

5

Insurance Co., 900 F.2d 890, 892 (6th Cir. 1990).  In a footnote, the Sixth Circuit further
stated that "although often referenced, the principle of resolving ambiguities against the
drafter is an interpretive aid of greater value when dealing with contracts of adhesion or
contracts negotiated between parties of unequal sophistication or bargaining power."
Id. at n.4.  Plaintiff does not argue that the Agreement was the product of unequal
bargaining power or adhesion.

> The Court is not persuaded by plaintiff's argument that because the parties
waived arbitration, the forum selection clause has also been waived and/or has no
application.  In viewing the provision as a whole, it is clear that the parties contemplated
that any dispute arising out of the Agreement would be heard in St. Louis, Missouri
regardless of whether the dispute went to arbitration.  Plaintiff's other argument that by
seeking money damages it has avoided the forum selection clause is also not
convincing.  It rather appears as an attempt to circumvent what the parties
contemplated - disputes arising out of the Agreement shall be heard in St. Louis,
Missouri.

> Likewise, plaintiff's argument that because it has asserted a claim under
Michigan law, and Michigan choice of law principles weigh in favor of application of the
Michigan Sales Representative Act, also does not carry the day.  The Agreement clearly
states that Missouri law shall apply "without regard to choice of law principles."
Moreover, even assuming choice of law principles applied, plaintiff's reliance on
Howting-Robinson Assoc, Inc. v. Bryan Custom Plastics, 65 F. Supp. 2d 610 (E.D.
Mich. 1999) is misplaced.  In Howting-Robinson, a case involving a sale representative
seeking commissions, the Court was asked to enforce an Ohio choice of law contractual
provision where the plaintiff had asserted a claim for commissions under Michigan's
Sales Representative Act.  The district court determined that Michigan's law applied
because Ohio had no similar statute protecting sales representatives.  That is not the

6

case here.  Missouri has a statute to protect sales representatives, § 407.913m, R.S. Mo. 2000, which entitled then to bring a claim for damages and seek attorney fees and costs.  Moreover, despite plaintiff's arguments to the contrary, the district court in Missouri is equally capable of resolving  plaintiff's claim under Michigan law.

Plainly, the parties intended to resolve any dispute between them over the terms of the Agreement in St. Louis, Missouri.  Plaintiff's attempts to elude the application of the forum selection clause by creatively framing the complaint are unavailing.  This case belongs in Missouri.

IV.

For the reasons stated above, defendant's motion is GRANTED.  This case is TRANSFERRED to the District Court for the Eastern District of Missouri under 28 U.S.C. § 1406(a).

SO ORDERED.


S/AVERN COHN
AVERN COHN
Dated: January 10, 2007                    UNITED STATES DISTRICT JUDGE
        Detroit, Michigan

I certify that the foregoing document was served on Counsel of Record via CM/ECF and/or U. S. Mail on January 10, 2007.

s/Kendra Byrd
Deputy Clerk

7